Filed 1/5/26  P. v. Parra CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT PARRA,<br><br>    Defendant and Appellant. | E085957<br><br>(Super.Ct.No. INF1501389)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Robert Parra appeals the denial of his Penal Code section 1172.6[1] petition to vacate his conviction for murder. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Parra filed his own supplemental brief. We affirm.

BACKGROUND

In 2018, the Legislature passed Senate Bill No. 1437 (2017-2018, Reg. Sess.) (Stats. 2018 ch.1015), effective January 1, 2019, which among other things amended the definition of felony murder in section 189. This amended felony-murder rule restricted culpability for murder to actual killers, aiders and abettors, and anyone who was "a major participant in the underlying felony and acted with reckless indifference to human life" unless the victim was a peace officer. (§ 189, subd. (e)(1)-(3), (f).) Senate Bill No. 1437 also added section 1170.95, later renumbered to section 1172.6, which allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine," to "file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts," if, among other things, "[t]he petitioner could not presently be convicted of murder" (§ 1172.6, subd. (a)), because of the changes to the law wrought by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).)

In February 2019 Parra pled guilty to second degree murder and was sentenced to 15 years to life.

---

[1] Unlabeled statutory citations refer to the Penal Code.

In January 2025 Parra filed a petition for resentencing under section 1172.6.  The court held a hearing on the petition in April 2025, where it concluded Parra was convicted after Senate Bill No. 1437 went into effect, was therefore sentenced under the law as it currently exists, and so was ineligible for resentencing under section 1172.6.  It denied Parra's petition, and Parra appealed.

                              ANALYSIS

On Parra's request, we appointed counsel to represent him on appeal.  Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant has no constitutional right to independent review under *Anders/Wende*.[2]  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 227, 231.)  Nevertheless, the appellate court is to inform the defendant that they may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.)  "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid*.)  "If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter." (*Ibid*.)  Here, after appellate counsel filed a brief notifying us

---

        [2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

                                 3

Parra's appeal presented no arguable issues, we offered Parra an opportunity to file a personal supplemental brief, and he did.

Parra's supplemental brief argues that he is not guilty of the crime he admitted, and that he believes section 1172.6 offers him some relief on that basis. We cannot and do not address his claims about the underlying merits of his conviction, as those claims cannot be considered on appeal from the denial of a petition for resentencing under section 1172.6. (See *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and [a defendant] cannot use it to resurrect a claim that should have been raised in his . . . direct appeal."].) This is particularly true here because Parra pled guilty, thus admitting that he committed the murder and foregoing both a trial—where he could have contested the evidence against him—and appellate review of that trial. We instead treat his supplemental brief as arguing that he is entitled to resentencing under section 1172.6 on some other ground.

However, we agree with the trial court that Parra is ineligible for relief under section 1172.6. That section applies only to those who "could not presently be convicted of murder" (§ 1172.6, subd. (a)), because of the changes to the law wrought by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) That is, section 1172.6 offers relief only to defendants who were convicted under the law as it existed prior to Senate Bill No. 1437. But Parra pled guilty and was convicted of murder *after* Senate Bill No. 1437 went into effect. Because he was necessarily convicted under the law as it currently exists, section 1172.6 does not apply to him. (See *People v. Lezama* (2024) 101 Cal.App.5th

4

583, 590 [holding "the most reasonable reading of the third criterion for establishing resentencing eligibility is that at the time of conviction—i.e., the time the plea was entered—the only way to a murder conviction was through an imputed malice theory. As a matter of law, this cannot be true for a person, like defendant, who pled guilty . . . at a time when imputed malice theories had already been statutorily eliminated."].)

Accordingly, we affirm the trial court's order denying his petition.

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
                                                    J.

We concur:


RAMIREZ_____
                    P. J.


FIELDS_____
                    J.

5